### UNITED STATES of America

v.

**Ben T. REYES, John E. Castillo, Michael J. Yarbrough, John W. Peavy, Jr., Ross C. Allyn, and Elizabeth Maldonado.**

**Criminal Action No. 97–147–ALL.**

United States District Court, S.D. Texas, Houston Division.

July 14, 1998.

**760**

Michael A. Attanasio, John W. Scott, Department of Justice, Washington, DC, for U.S.

Michael Wayne Ramsey, Houston, TX, for Ben T. Reyes.

Robert C. Bennett, Jr., Bennett Secrest & Meyers, Houston, TX, for John E. Castillo.

Mike DeGeurin, Foreman DeGeurin & Nugent, Houston, TX, for Michael J. Yarbrough.

Dan Lamar Cogdell, Boyd & Cogdell, Houston, TX, David H. Berg, Berg & Androphy, Houston, TX, for John W. Peavy, Jr.

Paul Constance Nugent, Foreman DeGeurin & Nugent, Houston, TX, for Ross C. Allyn.

Dick DeGuerin, DeGuerin and Dickson, Houston, TX, for Elizabeth Maldonado.

Mark H. Tuohey, III, Vinson & Elkins, Washington, DC, for Joe B. Allyn.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion to Recover Attorney's Fees and Litigation Expenses from the Justice Department Pursuant to "the Hyde Amendment" Public Law 105–119, § 617 filed by defendant Ross C. Allyn ("Allyn"). After considering the motion, the submissions, and the applicable law, the Court has determined that the motion should be DENIED.

On July 30, 1997, a federal grand jury indicted Ross C. Allyn pursuant to 18 U.S.C. §§ 371 and 666. In particular, Allyn was charged with conspiracy and three counts of aiding and abetting federal program bribery. After approximately five weeks of trial, the Government concluded the presentation of its evidence against Allyn. After examining the evidence in the light most favorable to the Government, the Court determined that a rational trier of fact could not have found the "essential elements of the offense beyond a reasonable doubt." *United States v. Greer,* 137 F.3d 247, 249 (5th Cir.1998). Accordingly, the Court granted Allyn's motion for judgment of acquittal on April 27, 1998.

On May 26, 1998, Ross Allyn filed the Motion to Recover Attorney's Fees and Litigation Expenses from the Justice Department pursuant to the Hyde Amendment. The Hyde Amendment provides:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this act, may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28 United States Code.

Public Law No. 105–119, Sec. 617. As the law is fairly recent, the Court shall examine the plain language of the statute rather than relying on case precedent. *See United States v. Ron Pair Enterprises,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (stating that statutory interpretation begins "with the language of the statute itself"). In this instance, the Court determines that the language of the statute is unambiguous. As such, "there is generally no need for a court to inquire past the plain language of the statute." *Id.*

In determining which party carries the burden of proof in seeking recovery of costs or fees pursuant to the Hyde Amendment, the Court notes that the statute pro-

-vides, "Such awards shall be granted pursuant to the procedures and limitations (but *not* the burden of proof) provided for an award under section 2412 of title 28 United States Code." *See supra* (emphasis added). Pursuant to 28 U.S.C. § 2412, the government bears the burden of proof when a prevailing party seeks an award of costs in a civil action brought by or against the United States. H.R.REP. No. 1418, 96th Cong., 2d Sess. 10–11 (1980) (allocating burden of proof); *see generally, Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). As the Hyde Amendment specifically indicates that the Court shall *not* apply the burden of proof as set forth in 28 U.S.C. § 2412, the Court determines that the burden of proof in this case rests upon the Defendant to establish that the Government was vexatious, frivolous, or acted in bad faith in its prosecution.

■ In examining Allyn's motion, the Court notes that case precedent requires that the Court practice restraint when reviewing prosecutorial decisions. "[C]ourts normally must defer to prosecutorial decisions as to whom to prosecute." *Town of Newton v. Rumery,* 480 U.S. 386, 396, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987). The Supreme Court has recognized, "Because [prosecutorial] decisions 'are not readily susceptible to the kind of analysis the courts are competent to undertake,' we have been 'properly hesitant to examine the decision whether to prosecute.'" *Id.* (quoting *Wayte v. United State,* 470 U.S. 598, 607–608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)). Accordingly, the Court will analyze the Government's decision to prosecute within the limitations stated above.

The Hyde Amendment provides that a defendant may receive attorney's fees when the government has filed charges in a "frivolous" or "vexatious" manner or in bad faith. *See supra.* Black's Law Dictionary defines frivolous to mean "of little weight or importance" and vexatious as "without reasonable or probable cause or excuse." Black's Law Dictionary 668, 1565 (6th ed.1990). Furthermore, bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Id.* at 139.

■ The Court determines that Allyn has not carried his burden. He has provided the Court with no evidence that the Government instituted its charges against him in a "vexatious" or "frivolous" manner or in bad faith. At most, Allyn relies on the Court's granting of the judgment of acquittal as support for his motion for attorney's fees. A court may grant a motion for judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." F.R.CRIM.P. 29(a). The standard of review for a judgment of acquittal is "whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Greer,* 137 F.3d at 249. Although Allyn entitles his motion, "Exonerated Defendant's Motion," defense counsel is aware that a judgment of acquittal is not a determination of guilt or innocence, but instead rests on the determination that the Government has not met its burden of proof beyond a reasonable doubt.

While the Court determined that the Government had not carried its burden pursuant to Rule 29(a), the Court carefully examined and considered the evidence before reaching that determination. Several items of evidence produced against Allyn during the trial undermine his position that the charges were frivolous or brought in bad faith. These items include, but are not limited to: (1) video and audio tape recordings of a meeting between Allyn and co-defendant Ben Reyes ("Reyes") where Reyes states, "We're going to go and purchase us some leaders." (GX 37 at 64–65); (2) video and audio tape recordings of a meeting between Allyn and Reyes where Reyes states, "I gave Yarbrough a bunch of cash. I gave Peavy a bunch of cash." (GX 36 at 49); and (3) testimony from Wayne Duddlesten indicating that Allyn approached Duddlesten and indicated that "he knew what it would take to get certain council member's votes." (Duddlesten Tr., April 15, 1998, at 31). The Court determines that the Government exercised proper discretion when it decided to charge Allyn with the counts of conspiracy and aiding and abetting federal program bribery. As Allyn has not carried

his burden of proof pursuant to the Hyde Amendment, the Court hereby

ORDERS that the Motion to Recover Attorney's Fees and Litigation Expenses from the Justice Department Pursuant to "the Hyde Amendment" Public Law 105–119, § 617 is DENIED.